UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**BILLY NAVARRE CHEVROLET INC ET AL**     **CASE NO. 2:22-CV-02749**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**GOTHAM INSURANCE CO**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 43] filed by plaintiffs ("Navarre Group") and seeking a ruling on various coverage issues.[1] Defendant Gotham Insurance Company ("Gotham") opposes the motion. Doc. 54. The matter came before the court for hearing on September 6, 2023, and the undersigned now issues this ruling.

## I.
### BACKGROUND

This suit arises from damage allegedly inflicted by Hurricane Laura and Hurricane Delta to several car dealerships in Southwest Louisiana owned and operated by the Navarre Group. At all relevant times the properties were insured under a policy issued by Gotham. Doc. 43, att. 4. Navarre Group reported damage after Hurricane Laura struck on August 27, 2020, and Gotham hired Engle Martin & Associates, LLC ("EMA"), through its employee Thomas Koralewski, to adjust the claim. Doc. 43, att. 3, pp. 22–23. EMA

---

[1] The motion also seeks a ruling on Navarre Group's entitlement to bad faith penalties under Louisiana Revised Statute 22:1892, but the court has determined that these claims are deferred to the merits. Doc. 47.

completed its initial inspection on September 2, 2020, and continued to adjust the claim thereafter. Doc. 43, att. 15.

Navarre Group filed suit in this court on August 16, 2022, alleging that Gotham failed to timely or adequately compensate it for its covered losses. Doc. 1. In the suit it raised claims for breach of insurance contract and bad faith under Louisiana law. *Id.* The case is set for jury trial on November 6, 2023. Doc. 12.

Navarre Group brought a motion for partial summary judgment, seeking a determination on various coverage issues. Doc. 43. Gotham opposed the motion. Doc. 54. The matter came before the undersigned for oral argument on September 6, 2023. At that time the parties stipulated as to various topics and the court ordered that issues regarding Navarre Group's bad faith claim would be deferred to trial. Accordingly, the only remaining issue is whether Gotham's preapproval is relevant for determining replacement cost.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go

beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given

the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Previously, Gotham stated through counsel that Navarre Group "must contact Co/Action to discuss any supplemental claim before repairs are initiated" if the full cost was found insufficient. Doc. 43, att. 19, p. 2. Otherwise, it warned, "[u]napproved changes will not be covered." *Id.* Navarre Group points to testimony from Gotham's corporate representative agreeing that there is nothing under the Loss Payment provisions of the policy requiring Gotham's approval for replacement costs before repairs are made. *See* doc. 43, att. 3, pp. 126–28. The representative appeared to rely on various provisions allowing Gotham to make a determination on valuation, such as to the replacement of like, kind, and quality of the prior structure. *Id.* at 114–16. Gotham maintains that these provisions authorize it "to ensure that the proposed repairs/completed repairs were done consistently with this provision" and that questions of fact remain on the issue. Doc. 54, p. 11. The court agrees with Navarre Group, however, that there is no basis in the policy for Gotham's position that preapproval must be obtained before repairs were initiated. Accordingly, summary judgment will be granted on this point of law.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment will be **GRANTED** insofar as Gotham's preapproval is irrelevant to replacement cost and/or reimbursement under the policy, **DEFERRED** as to the bad faith claim, and **DENIED AS MOOT** as to the remaining claims.

**THUS DONE AND SIGNED** in Chambers on the 8th day of September, 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**